IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHIELA D. DUCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-0240-SSA-CV-W-MJW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Shiela D. Duckett seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on February 19, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

that supports it.  As long as substantial evidence in the record supports the
Commissioner's decision, we may not reverse it because substantial evidence exists in
the record that would have supported a contrary outcome or because we would have
decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Sheila D. Duckett was born in 1956 and was 51 years of age on the date of her alleged disability onset of July 9, 2007.  Plaintiff alleges disability due to hearing loss, hepatitis "C," fibromyalgia, bipolar disorder II, major depressive disorder, recurrent generalized anxiety disorder, personality disorder, myofascial pain syndrome, degenerative disc disease, anemia, B-12 deficiency, erosive gastritis and erosive reflux esphagitis, diverticulosis, headaches and rib fractures.

After reviewing this case in its entirety and considering the arguments of the parties presented at oral argument, this Court finds there is not substantial evidence in the record to support the decision of the administrative law judge (ALJ).  This case must be remanded to the Commissioner for further development of the record.  Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis).  Specifically, this case should be remanded with directive for the ALJ to

2

provide further discussion of plaintiff's cognitive issues and the effect they have on her ability to work.  If appropriate, the ALJ should consider incorporating relevant cognitive issues into plaintiff's residual functional capacity.  The Court finds the other bases for the ALJ's decision are satisfactory and based on substantial evidence in the record as a whole.

IT IS, THEREFORE ORDERED that the decision of the Commissioner is reversed, and this case is remanded to the Commissioner under Sentence 4 for proper consideration; with directive to further develop the record as set forth herein.

Dated this 26th day of March, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge